U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 0 8 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

BUDGET PREPAY INC.

versus            CIVIL ACTION NO. 09-0149
                                  JUDGE TOM STAGG

QWEST COMMUNICATIONS
COMPANY L.L.C.

## MEMORANDUM RULING

Before the court is a "Rule 12 Motion To Dismiss For Improper Venue Or, In The Alternative, To Transfer Pursuant to 28 U.S.C. § 1406(a)" filed by the defendant, Qwest Communications Company L.L.C. ("Qwest"). See Record Document 4. Based on the following, Qwest's motion to dismiss and/or transfer is **DENIED**.

## I. BACKGROUND

On December 12, 2008, Budget Prepay Inc. ("Budget") filed suit against Qwest in the 26th Judicial District Court, Bossier Parish, Louisiana. See Record Document 1, Ex. 1. In its petition, Budget alleged that "Qwest has refused to pay to Budget all sums due for Budget's provision of switched access services to Qwest." Id., Ex 1 at 2. On January 28, 2009, Qwest removed the case to this court

based on both diversity and federal question jurisdiction. See id. It then filed the instant motion to dismiss and/or to transfer pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1406(a). See Record Document 4.

In its motion to dismiss and/or transfer, Qwest contends that Budget erred when it filed suit in Bossier Parish rather than East Baton Rouge Parish, the parish of Qwest's primary place of business in Louisiana. Accordingly, Qwest seeks to dismiss the action or transfer it to the United States District Court for the Middle District of Louisiana, the federal district encompassing East Baton Rouge Parish. See id.

In opposition, Budget contends that venue is proper in the Western District of Louisiana because Qwest removed the action from a state court of proper venue, namely the 26th Judicial District Court.[1] See Record Document 11. Budget also contends that articles 74 and 76.1 of the Louisiana Code of Civil Procedure provide

---

[1] Budget admits that it filed suit in the 26th Judicial District based in part on the mistaken belief that the "local switch" was located in Bossier Parish. Upon further review, counsel learned that the local switch at issue is actually located in Caddo Parish. Budget contends that the case would also have been removed to this court had it been filed in the 1st Judicial District Court in Caddo Parish. See Record Document 11 at 10-11.

2

statutory exceptions to the general rule of venue for foreign corporations under article 42(4).[2] See id.

## II. LAW AND ANALYSIS

Although the parties have extensively briefed whether this action was properly filed in state district court in Bossier Parish, such a determination is unnecessary to resolve the instant motion. When an action is removed from state court to federal court, it is removed to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The general venue statute that applies to cases originally filed in federal court, 28 U.S.C. § 1391, does not apply in removed cases. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 73 S. Ct. 900, 902 (1953) ("But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a)....").

---

[2]Under Louisiana Code of Civil Procedure article 42(4), an action against a foreign corporation licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located. As mentioned, Qwest's primary business office in Louisiana is located in East Baton Rouge Parish. See Record Document 11 at 5.

Even if venue is improper in the state court where the action was originally filed, a defendant's voluntary application for removal to federal district court confers venue over the defendant.³ See Hollis v. Florida State Univ., 259 F.3d 1295, 1300 (11th Cir. 2005) ("For our purposes it is sufficient to recognize that, as a matter of law, § 1441(a) established federal venue in the district court where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."); Robles v. USA Truck Inc., No. 08-122, 2009 WL 677835 (S.D. Tex. Mar. 12, 2009) ("Defendant conferred venue on this Court by its voluntary act of removal. This Court finds that the fact that § 1441(a) establishes venue as a matter of law here precludes Defendant's instant Motion to Dismiss or Transfer Venue pursuant to § 1406(a) based on improper venue."); Serrano v. U.S. Fire Ins. Co. No. 00-255, 2000 WL 33348220 (W.D. Tex. Nov. 7, 2000) ("[T]he only proper way to assert a challenge to venue, without flouting the venue provisions of 28 U.S.C. § 1441, is to do so pursuant to 28 U.S.C. § 1404(a), rather than 28

---

³Prior to 1986, federal courts could not obtain, through removal, jurisdiction over a claim as to which the state court had no jurisdiction under the doctrine of derivative removal jurisdiction. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1528 (5th Cir. 1991). That doctrine was abolished when 28 U.S.C. § 1441 was amended to state that a court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the state court from which such civil action is removed did not have jurisdiction over that claim. See 28 U.S.C. § 1441(f).

U.S.C. § 1406(a). The latter section is only applicable in cases in which there is improper venue, and venue in removed cases is proper under 28 U.S.C. § 1441, even where it would not comply with the venue requirements of 28 U.S.C. § 1391."); Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc., 990 F. Supp. 503 (N.D. Tex., Jan 7, 1998) ("[V]enue is proper in . . . the district and division embracing the place where the action was pending at the time of removal.").

Two of the leading treatises agree. "Most courts uphold removal jurisdiction even if there was a defect in venue or process in the state court. Rationale: Federal removal jurisdiction is *not* "derivative" of state court jurisdiction; i.e., the federal court to which the action is removed is "not precluded from hearing and determining any claim" simply because the state court from which the action was removed "did not have jurisdiction over that claim." 2 Fed. Civ. Proc. Before Trial, Fifth Cir. Ed. at 2:1049.2 (Rutter 2008). "[V]enue may be proper in the federal court even though it was not proper in the state court in which the action originally was brought, since the defendant effectively waives any objection to the state court's venue by seeking removal." 14C Fed. Prac. & Proc. Juris. 3d. § 3726 at 122 (Wright and Miller 2009).

Venue is proper in this court regardless of whether it was proper in state court in Bossier Parish; nevertheless, it would be inaccurate to state that Qwest "waived" all challenges to venue by removing this action. See Hollis, 259 F.3d at 1299. "Because § 1441(a) does not give a removing defendant a choice of districts to remove to, it may not be entirely accurate to characterize removal as the voluntary relinquishment of a legal right." Id. at 1300. Accordingly, Qwest may still seek relief pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

Based on the foregoing analysis, Qwest's motion to dismiss and/or transfer is **DENIED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of June, 2009.



JUDGE TOM STAGG